## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEIZURE WARRANT

I, Matthew Barrett, a Special Agent with Federal Bureau of Investigation, state the following:

### AFFIANT'S BACKGROUND AND EXPERIENCE

1.      I am a Special Agent with the Federal Bureau of Investigation and have been since December 2022. In addition to basic law enforcement training, I have also received training in the following areas: criminal use of email, criminal account compromise schemes, social media, and telephonic communications, and other computer-related crimes. I have been assigned to the Mobile Cyber Task Force, a joint federal and local task force investigating violations of federal law committed by criminal cyber actors and other criminal cyber organizations that affect our area of responsibility. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2.      I make this affidavit in support of an application for a seizure warrant for cryptocurrency funds associated with a digital wallet stored at premises owned, maintained, or controlled by Circle Internet Financial, LLC ("Circle"), located at 99 High Street, Suite 1701, Boston, MA 02110, is the token manager and the treasury for USD Coin ("USDC").[1] The function of token manager gives Circle certain controls over USDC cryptocurrency on the blockchain.

3.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §1343 have been committed by unknown cyber actor(s). Based on these facts, there is also probable cause for the requested warrant for the seizure of Circle USDC cryptocurrency found in the following digital wallet:

---

[1] Circle USDC is type of cryptocurrency referred to as a stablecoin. Its value is relative to the United States dollar. Circle is the sole entity involved in the management of USDC tokens.

1

0x8642d81d301d3205bb8D63c77718902a9b5F4444 (the "Target Wallet"), as further described in Attachment A.

## STATUTORY AUTHORITY

4.    <u>Offense Statute</u>. This investigation relates to violations of 18 U.S.C. § 1343 (wire fraud), which provides that "whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice," shall be guilty of a federal offense.

5.    <u>Forfeiture Statutes</u>. Pursuant to 18 U.S.C. § 981(b), 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(e) & (f), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 is subject to criminal and civil forfeiture.

6.    This application seeks a seizure warrant under both civil and criminal authority, because the property to be seized could easily be placed beyond process if not seized by warrant, as money is fungible and easily dissipated.

7.    Title 18 U.S.C. § 981(b) states that property subject to forfeiture under Section 981 may be seized via a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe the property is subject to forfeiture. Title 18 U.S.C. § 982(b)(l) incorporates the procedures in 21 U.S.C. § 853 (other than subsection (d)) for all stages of a criminal forfeiture proceeding. Section 853 permits the government to request the issuance of a seizure warrant for property subject to criminal forfeiture. Seizures are

appropriate from this district, because at least one of the predicate acts giving rise to forfeiture occurred in the Southern District of West Virginia, as described below.

8.       Further, 18 U.S.C. § 984 allows the United States to seize for civil forfeiture identical substitute property found in the same place where the "guilty" property had been kept. For purposes of 18 U.S.C. § 984, this affidavit need not demonstrate that the funds now in the Target Wallet are the particular funds involved in the violations.

## PROBABLE CAUSE

9.       On the evening of November 20, 2024, victim A.C. alerted me that she had fallen victim to a cryptocurrency scam. A.C. lives in Daniels, Raleigh County, West Virginia.

10.      On November 20, 2024, an unknown caller left a voice message for A.C. The caller stated that A.C. had a federal arrest warrant out for her failure to comply with a jury summons. The caller told her to return the phone call. A.C. returned the phone call the same day and an unknown individual answered. The individual told A.C. that she was at risk of being arrested if she did not pay a fine.

11.      The unknown individual directed A.C. to the website federalservicedivision.org.

12.      Opensource research revealed that federalservicedivision.org was created on November 12, 2024.

13.      I know from my training and experience that recently created domains are often an indication of fraud. The websites are often created for the specific purpose of luring victims.

14.      After arriving at the website, A.C. was prompted to create an account.  She also uploaded a copy of her West Virginia driver's license and a self-photo. After logging into the account, she observed an image of a fraudulent arrest warrant, shown below.

AO 442 (Rev. 11/11) Arrest Warrant

## UNITED STATES DISTRICT COURT

for the

District of _____

Northeastern Judicial

| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| AMY MARIE CHOATE | ) | FTA - 090941 |
| | ) | |
| *Defendant* | | |

### ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   **FAILURE TO APPEAR FOR FEDERAL SUMMONS**
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ❏ Complaint
❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ☒ Order of the Court

This offense is briefly described as follows:

THE DEFENDANT FAILED TO APPEAR FOR MANDATORY FEDERAL
COURT APPOINTMENT AS REQUIRED BY A COURT SUMMONS. THIS
CONSTITUTES CONTEMPT OF COURT AND NON-COMPLIANCE WITH
FEDERAL JUDICIAL PROCEDURES, RESULTING IN THE ISSUANCE OF
THIS ARREST WARRANT.

Date:  11/15/2024                                    *Chad H. Kemp*

                                                     *Issuing officer's signature*

City and state:    DANIELS , WV

                                                     *Printed name and title*

| Return | | |
| --- | --- | --- |
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* | | |
| Date: _____ | *Chad H. Kemp* | |
| | *Arresting officer's signature* | |
| | *Printed name and title* | |

15.    In addition to the fraudulent arrest warrant, there was a fine listed on the website for $12,350.50. After viewing the information, A.C. received another phone call from an unknown actor who informed her that she had to pay $6,255 to release herself of the warrant and avoid jail time. A.C. was instructed by the unknown actor to visit a CoinFlip machine in order to pay the fine.

16.    A.C. visited a CoinFlip machine in Crab Orchard, Raleigh County, West Virginia and deposited $6,255 in cash. After depositing the cash, A.C. followed the instructions provided to her by the unknown actor via email. A.C. then sent the $6,255 of deposited cash via Circle

USDC, a cryptocurrency token, to the digital wallet address 0x42743EC72327F052565d64f3CA94C6fdA19F9eE0.

17.    The FBI traced the transfer of these funds to the Target Wallet.

18.    I discovered that the Target Wallet is hosted on the MayaChain network, which functions as decentralized exchange and is subject to Circle controls that allow for the reversal, seizure, and blocking of wallets containing the Circle USDC coins.

19.    I sent a freeze request late on November 20, 2024 to Circle. The freeze request was acknowledged by Circle on November 21, 2024.

20.    As of November 22, 2024, I believe that any funds that were transferred to the Target Wallet are still available for seizure through Circle's controls.

21.    The United States seeks to seize and forfeit all funds associated with the Target Wallet pursuant to the presumption of fungibility in forfeited funds invoked under 18 U.S.C. § 984. Because the Target Wallet can be directly traced back to victim A.C's cash deposit and transfer, there is probable cause to believe that all of the funds remaining in the Target Wallet are forfeitable.

## CONCLUSION

22.    Based upon the foregoing, your affiant submits that there is probable cause to believe that the funds in the Target Wallet are derived from proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud). As such, the funds in the Target Wallet are subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1), 982(a) and (b), and 28 U.S.C. § 2461.

23.    The United States requests that the Court issue a seizure warrant as authorized under 18 U.S.C. § 981(b) as well as 21 U.S.C. § 853(e)-(f) by 18 U.S.C. §982(b) and 28 U.S.C. § 2461(c) because there is probable cause to believe that the Target Wallet to be seized would, in

the event of conviction, be subject to forfeiture, and an order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture as the funds associated with the Target Wallet are easily moveable and transferrable property.

24.     Furthermore, the United States requests that the Court in the warrant define the contents of the Target Wallet as all principal, deposits, interest, dividends, and other amounts credited to the account on and after execution of the warrant up to final liquidation of the account. The United States further requests that the Court in the warrant authorize the United States Marshal Service or FBI to affect the seizure of the contents of the account by the United States Marshal Service or FBI, in its discretion, directing the financial institution at which the account is established to do any of the following without further order of the Court:

    a.   To freeze the contents of the account in place and to refuse the withdrawal of any amount from the account by anyone other than the United States Marshal Service or FBI, and while any contents of the account are frozen in place to accrue any deposits, interest, dividends, and any other amount credited to the account until the United States Marshal Service or FBI directs that the contents of the account be finally liquidated and no contents remain;

    b.   To liquidate some or all of the contents of the account at one or more times and upon any liquidation of any contents to turn over the liquidated amount to the United States Marshal Service or FBI.

    c.   The United States seeks this authorization in order to maximize the value of the contents seized from the account considering that the account may be an interest-bearing account, a timed account, an account to which a penalty for early withdrawal applies or have some other aspect affecting its value.

Respectfully submitted,

MATTHEW BARRETT
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION


     Subscribed and sworn-to by the Affiant telephonically in accordance with the procedures
of Rule 4.1 of the Federal Rules of Criminal Procedure, on _____November 22_____, 2024.

HON. OMAR ABOULHOSN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF WEST VIRGINIA